

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

PD-1420-06, PD-1421-06,
PD-1422-06, PD-1423-06,
PD-1424-06, PD-1425-06,
& PD-1426-06

TYRON LAMOND BANKS, Appellant

v.

THE STATE OF TEXAS

On Discretionary Review of Cases
05-05-01050-CR, 05-05-01051-CR, 05-05-01052-CR, 05-05-01053-CR,
05-05-01054-CR, 05-05-01055-CR, and 05-05-01056-CR of the
Fifth Court of Appeals, Dallas County

*PER CURIAM.*

We granted review of these cases to consider issues that include the relationship of Rule

of Appellate Procedure 34.6(f)[1] to Section 52.046(a)(4) of the Government Code.[2]

We think that the cases also may involve the issue of the relationship of those provisions to Rule of Appellate Procedure 13.6.[3]

So that the Court of Appeals may give consideration to that issue, we vacate its judgments and remand the cases to that court for further proceedings, which may include further briefing by the parties or any other actions not inconsistent with this opinion.

Delivered June 18, 2008
Do Not Publish

---

[1] (f) *Reporter's Record Lost or Destroyed*. An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or–if the proceedings were electronically recorded–a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f).

[2] (a) On request, an official court reporter shall: (4) preserve the notes for future reference for three years from the date on which they were taken.

TEX. GOV'T CODE 52.046(a)(4).

[3] Filing of Notes in a Criminal Case. When a defendant is convicted and sentenced, or is granted deferred adjudication for a felony other than a state jail felony, and does not appeal, the court reporter must–within 20 days after the time to perfect the appeal has expired–file the untranscribed notes or the original recording of the proceeding with the trial court clerk. The trial court clerk need not retain the notes beyond 15 years of their filing date.

TEX. R. APP. P. 13.6.